IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONIQUE A. LONGMIRE and LAURA BARBER,
on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,
d/b/a LOS ALAMOS NATIONAL LABORATORY,

    Defendants.

CIV - 03 - 1404 LFG RLP

## COMPLAINT FOR VIOLATION OF THE EQUAL PAY ACT AND BREACH OF CONTRACT, SEEKING DAMAGES AND INJUNCTIVE RELIEF

COME NOW Plaintiffs Veronique A. Longmire and Laura Barber, on behalf of themselves and others similarly situated, and for their Complaint for Violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA") and Breach of Contract, seeking Damages and Injunctive Relief, state as follows.

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs Veronique A. Longmire and Laura Barber are female residents of Santa Fe County, New Mexico, and have at all times material been employed by Defendant at the Los Alamos National Laboratory in Los Alamos, New Mexico. Plaintiffs are "employees" under the EPA.

2.    Plaintiffs bring this Complaint on behalf of themselves and other similarly situated female employees at the Los Alamos National Laboratory.

3.    Defendant is a governmental entity, in particular a public corporation organized and operating under Article IX, section 9, of the California Constitution, which, under contract to the U.S. Department of Energy, staffs, manages and operates the Los Alamos National

Laboratory using University of California employees and various sub-contractors. Defendant is hereinafter referred to as "LANL."

4.  LANL's principal place of business is in the County of Los Alamos, State of New Mexico.

5.  Founded in 1943, LANL is a multi-disciplinary laboratory with an annual budget approaching $2 billion, employing over 7,000 full-time employees and over 4,000 contract service support personnel.

6.  LANL has operated continuously since 1943, and LANL is treated as one of the operating campuses of the University of California.

7.  LANL is an "employer" under the EPA.

8.  This Court has original jurisdiction over Plaintiff's claim under the EPA, and supplemental jurisdiction over Plaintiffs' claim for breach of contract.

9.  All of Plaintiffs' claims set forth in this Complaint arise in Los Alamos County, New Mexico. Thus, the Court has personal jurisdiction over the parties, and venue is proper in the United States District Court for the District of New Mexico.

10. The Court should certify this case as a class action, brought on behalf of similarly situated female employees of LANL, because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

11. The Court should certify this matter as a class action because the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

2

Furthermore, questions of law and fact common to the members of the class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.

## GENERAL ALLEGATIONS

12. Plaintiffs have at all times material been employed in the Industrial Business Development ("IBD") Division of LANL. IBD Division is charged with, among other things, transferring to the private sector technologies developed at LANL and developing business partnerships with private entities.

13. Plaintiffs perform the same or substantially the same jobs as certain male employees in IBD Division – jobs which require equal skill, effort, responsibility, and which are performed under similar working conditions – yet Plaintiffs are paid substantially less than their male counterparts.

14. This pay disparity has been in existence for many years at LANL.

15. The long-standing pay disparity between female and male employees at LANL exists in many different divisions at LANL, and upon information and belief, hundreds, perhaps thousands of female LANL employees have been adversely affected.

16. In 2002, LANL commissioned an examination of salaries at LANL which culminated in a written report of findings ("the Welch Report"). Among other things, the Welch Report analyzed pay disparities between female and male LANL employees. Although the methodology used in the Welch Report was manipulated in several ways to minimize pay disparities at LANL, the Welch Report still concluded significant pay disparities exist between female and male employees at LANL.

3

17. The pay disparities experienced by Plaintiffs and by other female employees at LANL are based in whole or in part on sex, are discriminatory against female employees, and there are no legitimate business reasons for these disparities.

18. LANL Management has known for many years of the pay disparities between female and male employees.

19. Plaintiff Barber began voicing to LANL management her opposition to pay disparities more than three (3) years ago.

20. LANL management has intentionally refused to correct pay disparities between female and male employees.

21. LANL has also discriminated against Plaintiffs by denying Plaintiffs promotional opportunities and by denying Plaintiffs educational opportunities which were provided to male employees.

22. LANL denied Plaintiffs promotional opportunities, in part, because it did not want to be forced to increase Plaintiff's pay up to or beyond their male counterparts.

23. LANL also used its denial of educational opportunities to attempt to justify pay disparities between Plaintiffs and their male counterparts.

24. Upon information and belief, LANL similarly denied other female employees of the same promotional and educational opportunities as their male counterparts.

25. The denial of promotional and educational opportunities to Plaintiffs and other female employees at LANL are based in whole or in part on sex, are discriminatory against female employees, and are not justified by legitimate business reasons.

26. LANL Management has known of these discriminatory practices for many years, but has intentionally refused to correct these discriminatory practices.

4

## COUNT I – VIOLATION OF THE EPA

27. Plaintiffs restate the allegations above as if fully set forth herein.

28. Under the EPA, LANL owed a duty to Plaintiffs and other female employees to refrain from discriminating based on sex by paying them less than male employees who perform equal work on jobs the performance of which requires equal skill, effort, responsibility, and which are performed under similar working conditions, and by denying them the same promotional and educational opportunities as similarly situated men.

29. LANL violated the EPA by paying Plaintiffs and other female employees less than male employees who perform equal work on jobs the performance of which requires equal skill, effort, responsibility, and which are performed under similar working conditions and by denying them the same promotional educational opportunities as similarly situated men.

30. As a proximate result of LANL's violation of the EPA, Plaintiffs have suffered injuries and damages including but not limited to lost past and future wages, lost past and future retirement benefits, emotional distress, pain and suffering.

31. Because LANL management has known of the aforementioned discriminatory practices for many years and refused to correct these practices, LANL's violation of the EPA has, and continues to be, intentional. Therefore, Plaintiffs are entitled under the EPA to seek back pay for the past three years.

32. Plaintiffs are entitled to an award of compensatory damages, liquidated damages and punitive damages against LANL in an amount to be determined at trial.

33. Because the economic damages suffered by Plaintiffs will continue into the future, Plaintiffs are entitled to injunctive relief, including but not limited to an order promoting Plaintiffs, allowing Plaintiffs to partake in the same educational opportunities as their male

counterparts, and raising Plaintiffs' future salaries and retirement benefits to the level of their male counterparts.

## COUNT II – BREACH OF CONTRACT

34. Plaintiffs restate the allegations above as if fully set forth herein.

35. Plaintiffs are employed at LANL pursuant to a contract of employment, called the LANL Administrative Manual ("AM"), which is supported by good and valuable consideration.

36. The Administrative Manual is a binding and enforceable contract of employment.

37. AM 101 and AM 102 provide that LANL will not discriminate against employees on the basis of sex.

38. AM 202 provides that LANL employees' compensation and promotion will be determined by job performance and that there will be pay equity within LANL.

39. The discriminatory conduct discussed above constitute a breach of AM 101, AM 102, AM 202 and other provisions of LANL's Administrative Manual.

40. As a proximate result of LANL's intentional breach of contract, Plaintiffs have suffered injuries and damages including but not limited to lost past and future wages, lost past and future retirement benefits, emotional distress, pain and suffering.

41. Plaintiffs are entitled to an award of compensatory and punitive damages against LANL in an amount to be determined at trial.

42. Because the economic damages suffered by Plaintiffs will continue into the future, Plaintiffs are entitled to injunctive relief, including but not limited to an order promoting Plaintiffs, allowing Plaintiffs to partake in the same educational opportunities as their male counterparts, and raising Plaintiffs' future salaries and retirement benefits to the level of their male counterparts.

## JURY DEMAND

43.     Plaintiffs hereby request trial by jury.

WHEREFORE, Plaintiffs respectfully request the Court award them the following relief:

   a.   Compensatory damages;

   b.   Liquidated damages;

   c.   Punitive damages;

   d.   Injunctive relief including an order promoting Plaintiffs, allowing Plaintiffs to partake in the same educational opportunities as their male counterparts, and raising Plaintiffs' future salaries and retirement benefits to the level of their male counterparts;

   e.   Costs and attorneys' fees;

   f.   Pre and Post-Judgment interest; and

   g.   Any other relief which the Court deems just and proper.

Respectfully submitted,

YENSON, LYNN, ALLEN & WOSICK, P.C.

_____
Patrick D. Allen
Attorneys for Plaintiffs
5100 Indian School Rd. N.E.
Albuquerque, NM 87110
(505) 266-3995