FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 1 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONIQUE A. LONGMIRE and LAURA BARBER,
on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

No. CIV-03-1404 WJ/RLP

REGENTS OF THE UNIVERSITY OF CALIFORNIA,
d/b/a LOS ALAMOS NATIONAL LABORATORY,

    Defendant.

*CONSOLIDATED WITH*

YOLANDA GARCIA, et al.

    Plaintiffs,

v.

No. CIV-04-112 WJ/RLP

REGENTS OF THE UNIVERSITY OF CALIFORNIA,
et al.,

    Defendants.

### ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND APPROVING THE FORM AND MANNER OF NOTICE

THIS MATTER came before the Court upon the Joint Motion of Plaintiff Laura Barber ("Barber"), Plaintiffs Yolanda Garcia, Loyda Martinez, Gloria A. Bennett, Yvonne Ebelacker, Hispanic Roundtable of New Mexico, and University Professional & Technical Employees CWA 9119 (AFL-CIO) (the "Garcia Plaintiffs"), and Defendants G. Peter Nanos and the Regents of the University of California (the "Regents") for preliminary approval of the Settlement Agreement entered into by the Class Representatives and the Regents. The Court has considered the facts and legal authorities



set forth in the parties' Joint Motion for Preliminary Approval; has reviewed the terms of the Settlement Agreement attached hereto as Exhibit "1" (hereinafter, "Settlement Agreement"); has considered the objections of Plaintiff Veronique Longmire; and has determined that there is good cause for preliminary approval. Therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court preliminarily approves the Settlement Agreement as fair, reasonable, and adequate. Neither this preliminary order of approval nor the Settlement Agreement is a finding or an admission by Defendants of any liability or wrongdoing whatsoever.

2. The Court concludes that (1) the Class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the Class, (3) the claims of the Class Representatives are typical of the claims of the Class, (4) the Class Representatives will fairly and adequately protect the interests of the Class, (5) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and (6) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. Pursuant to Fed. R. Civ. P. 23 and the Settlement Agreement, the Court hereby certifies a Class as that term is defined in the Settlement Agreement. Pursuant to 29 U.S.C. § 216(b) and the Settlement Agreement, the Court also certifies that the claims brought under the Equal Pay Act are a collective action. Parties plaintiff in the collective action include all Female Employees, as that term is defined in the Settlement Agreement, who have already consented to join the Collective Action and all Female

Employees who consent to join the Collective Action by submitting a Claim Form in the manner and by the date set forth in the Settlement Agreement.

4. The Court appoints Laura Barber, Yolanda Garcia, Loyda Martinez, Gloria A. Bennett, and Yvonne Ebelacker as Class Representatives.

5. The Court appoints Patrick D. Allen and Joseph B. Wosick of Yenson, Lynn, Allen & Wosick, P.C., Michael J. Flannery of Carey & Danis, LLC, and John C. Bienvenu, Richard W. Hughes, and Robert R. Rothstein of Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg, & Bienvenu, LLP as Class Counsel.

6. The Court approves the Claims Administrator, as that term is defined in the Settlement Agreement, to be stipulated to by the parties or to be determined by further order of the Court, and authorizes the Claims Administrator to perform those duties as defined in the Settlement Agreement.

7. The Court approves the Notice of Class Action and Proposed Settlement in the form attached to the Settlement Agreement as Exhibit B and the Summary Notice attached to the Settlement Agreement as Exhibit B-1, with the following modifications: (a) the notice shall provide an estimate of amounts that would be received by each Class Representative under the proposed Settlement Allocation Plan; (b) the notice shall state the maximum amount that Plaintiffs will submit to the arbitration panel as their reasonable attorneys' fees and costs; (c) paragraph 15 of the notice shall be revised to refer to the Settlement Agreement preliminarily approved by the Court pursuant to this order; and (d) all blanks in the notices shall be appropriately completed. In addition, the Settlement Allocation Plan attached to the Settlement Agreement as Exhibit A shall be

modified to define the term "TSM." The Court approves the Claim Form and Opt-Out Form attached to the Settlement Agreement as Exhibits C and D, respectively.

8. Within fifteen (15) days of the entry of this Order, the Regents will deliver to the Claims Administrator, with copies to Class Counsel, one or more electronic data bases showing the names and last known mailing addresses of all Female Employees and Hispanic Employees, as those terms are defined in the Settlement Agreement.

9. The Claims Administrator is directed to mail the Notice of Class Action, Claim Form and Opt-Out Form ("Notice Package") to all members of the Class. Class Counsel is directed to publish the Summary Notice attached to the Settlement Agreement as Exhibit B-1 in the legal notice sections of the newspapers identified in the Settlement Agreement at section VIII.D. The Regents is directed to publish the Notice Package in the Laboratory's Daily News Bulletin and in a memorandum addressed to all employees.

10. Such dissemination of the Notice of Class Action is the best notice practicable under the circumstances, within the meaning of Rule 23(c)(2)(B), Federal Rules of Civil Procedure.

11. The Court will conduct a Final Approval Hearing on October 31, 2006 at 9:00 a.m. to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate to the Class, and whether judgment should be entered accordingly.

12. Any Class member who so desires may object to the proposed settlement, or the proposed form of Final Approval, provided that the Class member refrains from opting out of the Class and otherwise complies with the procedures described in the Notice of Class Action and Proposed Settlement.

opting out of the Class and otherwise complies with the procedures described in the Notice of Class Action and Proposed Settlement.

13. Class Counsel's claim for costs and attorneys' fees may be submitted to binding arbitration in accordance with the Settlement Agreement. Any amount of costs and attorneys' fees awarded at arbitration and approved by the Court shall be paid by the Regents and shall not be deducted from the Settlement Fund.

14. The Final Approval Hearing may be continued or adjourned by order of the Court without further notice to the Class.

15. If the Settlement Agreement is finally approved by the Court, then upon the occurrence of the effective date, all Class members who do not timely exclude themselves from the Class—whether or not they file a timely and valid Claim Form, or any claim at all—will be barred and enjoined from asserting any of the claims released in the Settlement Agreement, will conclusively be deemed to have released any and all such claims, and will be subject to and bound by the provisions of the Settlement Agreement and the Final Judgment.

16. Until the Court finally determines whether the Settlement Agreement should be approved, no member of the Class who has not timely and validly opted out of the settlement may commence or prosecute any action or proceeding in any forum asserting any of the claims that are the subject of the Settlement Agreement.

IT IS SO ORDERED.

DATED: 5/31/06

_____
U.S. DISTRICT COURT JUDGE

**THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN.. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN :**

    **THE RECORDS DEPARTMENT**
    **CLERK'S OFFICE**
    **U.S. DISTRICT COURT......**