IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| VERONIQUE A. LONGMIRE and LAURA BARBER, On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA, d/b/a LOS ALAMOS NATIONAL LABORATORY, <br><br> Defendant. <br><br> YOLANDA GARCIA et al., <br> Plaintiffs, <br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA and PETER NANOS, <br> Defendants. | No. CIV-03-1404 WJ/RLP <br><br><br><br> CONSOLIDATED WITH <br><br> No. CIV-04-112 WJ/RLP |

MOTION FOR APPROVAL OF AN INCENTIVE AWARD
FOR OBJECTOR LAURIE QUON

Counsel for class member and objector Laurie Quon hereby move for approval to pay their client, Laurie Quon, an incentive award in the amount of $25,000 out of the $75,000 in attorney's fees that Class Counsel has agreed to pay to Quon's counsel as settlement of Quon's appeal to the United States Court of Appeals for the Tenth Circuit.

This Court has noted, in approving incentive awards to the named plaintiffs as well as to the consent plaintiffs who opted into this lawsuit on the eve of settlement, that public identification with this lawsuit by employees of the Los Alamos National Lab subjected them to risk of retaliation by their employer. Ms. Quon, by identifying herself in opposition to a settlement supported by her employer, also subjected herself to risk,

perhaps more so than the consent plaintiffs.  Ms. Quon's position was made even riskier by the fact that she has previously alleged discriminatory conduct on behalf of her employer in failing to accommodate her medical needs.  As a result of Ms. Quon's objection, LANL has admitted on the record that discrimination of the kind alleged by Ms. Quon is also being released by the class action settlement, even though it was not the focus of Ms. Longmire's or Ms. Barber's complaints.

Ms. Quon requests an incentive award in the amount of $25,000, or approximately 20% of the amount that was awarded to the lead plaintiffs.  Ms. Quon's contributions to this case are more significant than those of the consent plaintiffs, who did little more than sign up with Class Counsel at the last minute before the settlement was announced, and each of whom was awarded a $5000 incentive award.  Ms. Quon's opposition to the substantial incentive awards that will be paid to the lead plaintiffs forced Class Counsel to file additional information in support of those awards, which ultimately gave this Court comfort that those awards were justified.  As a result of her opposition, it was learned that Ms. Barber spent over 1000 on this litigation, and that the other lead plaintiffs spent approximately 100 hours on it.  All of the above facts, as well as Ms. Quon's consent to this incentive award, is evidenced in her Affidavit, the only exhibit attached hereto.

Ms. Quon has spent at least 10 hours conferring with her counsel in connection with her objection and appeal, and countless additional hours documenting discrimination against her that will be released by the class action settlement.

Finally, because the incentive award to Ms. Quon will be paid out of her counsel's attorney's fees, and not from the settlement fund, the Court need not subject the award to the same scrutiny as was applied to the consent plaintiffs' and lead

plaintiffs' awards, since there is no corresponding fiduciary duty to protect the class' recovery. The incentive award to Ms. Quon will merely reduce her attorneys' compensation, and will not take one dollar from any class members' recovery.

      WHEREFORE, counsel for Ms. Quon hereby request that this Court GRANT this motion for permission to pay their client Ms. Quon an incentive award of $25,000 out of their attorney's fees.

Dated: October 5, 2007                      Respectfully Submitted,

                                                  Laurie Quon,
                                                  By her attorneys,

                                                  <u>Filed electronically and signed 10/5/07</u>
                                                  George Geran, Esq.
                                                  Law Office of George Geran
                                                  625 Franklin Avenue
                                                  Santa Fe, NM  87501-3619
                                                  (505) 983-1085
                                                  (505) 955-1941

                                                  John J. Pentz, Esq.
                                                  Class Action Fairness Group
                                                  2 Clock Tower Place, Suite 260G
                                                  Maynard, MA  01754
                                                  Ph: (978) 461-1548

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served on all other parties of record through the Court's CM/ECF system to the following counsel on October 5, 2007:

Patrick D. Allen
Yenson Lynn Allen & Wosick, PC
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736

Richard W. Hughes
Rothstein Donatelli Hughes Dahlstrom
PO Box 8180
Santa Fe, NM  87504-8180

Scott D. Gordon
Rodey Dickason Sloan Akin & Robb
PO Box 1888
Albuquerque, NM  87103-1888

Cindy Lovato-Farmer
Los Alamos National Laboratory
PO Box 1663
Los Alamos, NM  87545

                                             Filed electronically and signed 10/5/07
                                             George T. Geran