## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LAURA BARBER, on behalf
of themselves and others similarly
situated,

      Plaintiffs,

vs.                                    CIVIL NO. 03-1404 WPJ/RLP

REGENTS OF THE UNIVERSITY OF
CALIFORNIA, d/b/a Los Alamos National
Laboratory,

      Defendant,

*Consolidated with*                       CIVIL NO. 04-0112 WPJ/RLP

YOLANDA GARCIA, et al.,

      Plaintiffs,

vs.

REGENTS OF THE UNIVERSITY OF
CALIFORNIA, and G. Peter Nanos,
in his individual and official capacities,

      Defendants,

*Consolidated with*                       CIVIL NO. 05-1082 WPJ/RLP

VERONIQUE A. LONGMIRE ,

      Plaintiff pro se,

vs.

REGENTS OF THE UNIVERSITY
OF CALIFORNIA, d/b/a LOS ALAMOS
NATIONAL LABORATORY,

      Defendant.

*Consolidated with*                                    CIVIL NO. 07-0673 WPJ/RLP

VERONIQUE A. LONGMIRE,

      Plaintiff pro se,

vs.

REGENTS OF THE UNIVERSITY OF CALIFORNIA
d/b/a LOS ALAMOS NATIONAL LABORATORY, and
LOS ALAMOS NATIONAL SECURITY, LLC
d/b/a LOS ALAMOS NATIONAL LABORATORY,

      Defendants,

*Consolidated with*                                    CIVIL NO. 07–0753 WPJ/RLP

VERONIQUE A. LONGMIRE,

      Plaintiff pro se,

vs.

REGENTS OF THE UNIVERSITY OF CALIFORNIA
d/b/a LOS ALAMOS NATIONAL LABORATORY, and
LOS ALAMOS NATIONAL SECURITY, LLC
d/b/a LOS ALAMOS NATIONAL LABORATORY,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING ADEA CLAIM AGAINST THE REGENTS

THIS MATTER comes before the Court on the Motion To Dismiss ADEA Claim filed by the Regents of the University of California ("the Regents") on October 26, 2007 in case number 07cv00673 WPJ/RLP (Doc. 275). The Regents bring their motion under FED. R. CIV. P. 12(b)(1) and assert an absence of subject-matter jurisdiction. Having considered the parties' briefs and submissions and the applicable law, I find that the Regents are entitled to Eleventh-Amendment immunity on the ADEA claim and that Plaintiff Veronique Longmire should be allowed to amend

her complaint.

## Legal Standards

Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally

> take one of two forms: (1) facial attacks; and (2) factual attacks. Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true.  In a factual attack . . . the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends.  In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).

*Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted).  The Regents' motion to dismiss takes the form of a facial challenge, but Ms. Longmire has supplemented the facts upon which she contends subject-matter jurisdiction depends by attaching several exhibits.  The Court has considered these exhibits when resolving the motion to dismiss.  Further, the Court has accorded Ms. Longmire the benefit of all reasonable inferences to be drawn from the facts stated in her complaint.  *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This principle "applies to all proceedings involving a pro se litigant . . . [and] pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Id.* n.3.

## Relevant facts

The Department of Energy ("DOE") owns the Los Alamos National Laboratory ("LANL"), a "federally funded research and development center."  *See* Compl. at 3; Pl.'s Resp. (Doc. 282), Ex. A.  The Regents originally operated LANL pursuant to a contract with the DOE.  *See* Compl. at 2; *United States v. New Mexico*, 32 F.3d 494, 496 (10th Cir. 1994).  LANL describes itself as "an

affirmative action/equal opportunity employer, [] operated by the University of California for the U.S. [DOE]." Pl.'s Resp., Ex. M.  Ms. Longmire contends that she "was employed by" the Regents, but that she "worked for" LANL from 2001 until 2007.  Compl. at 1-2.  She has submitted a letter from the "Human Resources Division" of "Los Alamos National Laboratory" extending to her an offer of employment.  *See* Pl.'s Resp., Ex. I.

The Regents constitute a "corporation" charged to administer the University of California by the California constitution.  *See* Cal. Const. art. 9, § 9(a).  The University and the Regents are considered to be an "arm" or "instrumentality" of the state of California for the purposes of Eleventh-Amendment immunity.  *See* Compl. at 2; *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 431 (1997).

Since June 2006, LANL has been operated by Los Alamos National Security, L.L.C. ("LANS"), a "private sector" corporation that is 50% owned by the University.  *See* Compl. at 3; *Univ. Prof'l & Technical Employees, CWA Local 9119, AFL-CIO v. Bd. of Regents of Univ. of Cal.*, 2006 WL 3258993, *6 (N.D. Cal. 2006).

Ms. Longmire asserts that both the Regents and LANS "do business as" LANL and refers to the Regents and LANS in her complaint as LANL.  *See* Compl. at 1, 3.  The Regents deny, however, that they are "identical" to LANL.  *See* Ans. (Doc. 274) at 4.  Ms. Longmire contends that LANL is an "employer" as defined in the ADEA.  Compl. at 3.  She filed an amended charge of discrimination on the basis of age against LANL and LANS on January 31, 2007, *see* Compl. Att. 1, and received a right-to-sue letter against those respondents on May 10, 2007, *see id.*, Att. 2.  She filed her federal ADEA complaint on Aug. 6, 2007.

## Analysis

The Regents contend that Ms. Longmire's ADEA claim against them must be dismissed for

lack of subject-matter jurisdiction.  Regents' Mot. to Dismiss at 2-3.  They correctly point out that

Congress did not abrogate Eleventh-Amendment immunity in passing the ADEA, and because they

are an instrumentality of the State, they share in California's immunity against suits by individuals.

*See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 92 (2000); *Regents of the Univ. of Cal. v. Doe*, 519

U.S. at 428-31 (holding that, even though the DOE has contracted to indemnify the Regents for any

liability incurred in operating the DOE's federally-funded research and development center in

California such that California's state coffers would not be affected by a suit or judgment against

the Regents associated with operating the laboratory, the Regents were still entitled to protection

from suit by California's Eleventh-Amendment immunity on the plaintiff's breach-of-employment

contract claim).  I conclude, therefore, that the ADEA claim against the Regents must be dismissed[1].

That does not mean, however, that the Court does not have subject-matter jurisdiction over

Ms. Longmire's ADEA claims.  Certainly, the Court continues to have jurisdiction over her ADEA

claim against LANS.  And despite Ms. Longmire's failure to name LANL (or another party)

separately as a defendant, by contending that she "worked for" LANL and that LANL is an

---

[1]  The Regents do not argue that they have Eleventh-Amendment immunity on Ms. Longmire's breach-of-contract claims and, in fact, affirmatively state that the Court has subject-matter jurisdiction over those claims against them.  *See* Ans. at 5.  The Court assumes that this tactic is purposeful and will therefore not *sua sponte* raise the issue.  *See, e.g.*, *Univ. Prof'l & Technical Employees, CWA Local 9119, AFL-CIO v. Bd. of Regents of Univ. of Cal.,* 2006 WL 3258993, *3 (N.D. Cal. 2006) (noting that the Regents joined with LANS to remove the plaintiff's case to federal court even though plaintiff raised only state-law claims against the Regents); *Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 834 (9th Cir. 2000) (finding, in ADEA case involving the Regents' management of Livermore National Laboratory, a federally-funded research and development center, that the Regents had waived immunity to suit by not raising the defense before the district court and by submitting a declaration of counsel which purports to waive immunity); *and see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment . . . does not automatically destroy original jurisdiction.  Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so.  The State can waive the defense.  Nor need a court raise the defect on its own.  Unless the State raises the matter, a court can ignore it.") (citations omitted).

employer that discriminated against her on the basis of her age, and by demonstrating that she named LANL as her employer in her charge with the EEOC and exhausted her administrative remedies, she has made sufficient allegations to state an ADEA claim against LANL for allegedly discriminatory actions that occurred before June 2006.  *See* 29 U.S.C. § 633a(a) ("All personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies . . . of the Federal Government . . . shall be made free from any discrimination based on age.");  *United States v. Exxon Corp.*, 773 F.2d 1240, 1302 (Emer. Ct. App. 1985) (noting that the DOE is "a regulatory administrative agency of the Executive Branch,");  *Villescas v. Abraham*, 311 F.3d 1253 (10th Cir. 2002) (suit against Secretary of the DOE for ADEA retaliation);  *cf. Shapolia v. Los Alamos Nat'l Lab.,* 992 F.2d 1033 (10th Cir. 1993) (naming LANL as the "employer" in Title VII action); *Trimmer v. United States Dep't of Labor*, 174 F.3d 1098, 1099 (10th Cir. 1999) (noting that the plaintiff brought a whistle-blower action under the Energy Reorganization Act, which prohibits any employer from discharging or otherwise discriminating against any employee because the employee engaged in protected whistleblowing activity, "against his employer, the Los Alamos National Laboratory . . . , which is owned by the Department of Energy but run by the University of California").

The Court concludes that Ms. Longmire should be given an opportunity to amend her complaint to name and serve a different defendant and to supplement the complaint with facts alleged in her responsive brief tending to show that LANL was also her "employer" as defined in the ADEA.  *See Patsy v. Bd. of Regents*, 457 U.S. 496, 515-16 n.19 (1982) (stating that the district court "has the discretion to permit amendments to the pleadings that might cure any potential Eleventh Amendment problems"); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-23 (1992) (stating that, when Congress provides no more than a nominal definition of "employer" in remedial

statutes, courts must apply common-law agency principles to determine employment status).

 **IT IS ORDERED** that the Regents' motion to dismiss (Doc. 275) is GRANTED and the ADEA claim against the Regents is dismissed.

 **IT IS FURTHER ORDERED** that Plaintiff may file and serve an amended complaint within ten days of the filing of this order that names another defendant and alleges facts supporting her  claim that LANL is also her "employer" under the ADEA.

 

 

UNITED STATES DISTRICT JUDGE