IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA BARBER, on behalf
of themselves and others similarly
situated,

      Plaintiffs,

vs.                                              CIVIL NO. 03-1404 WPJ/RLP

REGENTS OF THE UNIVERSITY OF
CALIFORNIA, d/b/a Los Alamos National
Laboratory,

      Defendant,

*Consolidated with*                              CIVIL NO. 04-0112 WPJ/RLP

YOLANDA GARCIA, et al.,

      Plaintiffs,

vs.

REGENTS OF THE UNIVERSITY OF
CALIFORNIA, and G. Peter Nanos,
in his individual and official capacities,

      Defendants,

*Consolidated with*                              CIVIL NO. 05-1082 WPJ/RLP

VERONIQUE A. LONGMIRE ,

      Plaintiff pro se,

vs.

REGENTS OF THE UNIVERSITY
OF CALIFORNIA, d/b/a LOS ALAMOS
NATIONAL LABORATORY,

      Defendant.

*Consolidated with*                                                                                      CIVIL NO. 07-0673 WPJ/RLP

VERONIQUE A. LONGMIRE,

    Plaintiff pro se,

vs.

REGENTS OF THE UNIVERSITY OF CALIFORNIA
d/b/a LOS ALAMOS NATIONAL LABORATORY, and
LOS ALAMOS NATIONAL SECURITY, LLC
d/b/a LOS ALAMOS NATIONAL LABORATORY,

    Defendants,

*Consolidated with*                                                                                      CIVIL NO. 07–0753 WPJ/RLP

VERONIQUE A. LONGMIRE,

    Plaintiff pro se,

vs.

REGENTS OF THE UNIVERSITY OF CALIFORNIA
d/b/a LOS ALAMOS NATIONAL LABORATORY, and
LOS ALAMOS NATIONAL SECURITY, LLC
d/b/a LOS ALAMOS NATIONAL LABORATORY,

    Defendants.

## MEMORANDUM OPINION AND ORDER CLARIFYING THE FEBRUARY 4, 2008, ORDER

    THIS MATTER comes before the Court on the Motion For Reconsideration filed by counsel for Defendant Los Alamos National Security, LLC ("LANS") and the Regents of the University of California on February 8, 2008 in case number 07cv00673 WPJ/RLP (Doc. 302). The Defendants ask this Court to reconsider that part of its February 4, 2008 Memorandum Opinion and Order that they contend erroneously "invites Ms. Longmire to amend her complaint to add 'Los Alamos National Laboratory' as a defendant . . . [because] Los Alamos National Laboratory ("LANL") is a place, not

2

a separate legal entity that has the capacity to be sued." Doc. 302 at 2.  In the February 4 Order, the Court agreed with the Regents that Ms. Longmire's ADEA claim against the Regents must be dismissed for lack of subject-matter jurisdiction because it was entitled to share in the State of California's Eleventh-Amendment immunity.  *See* Doc. 301 at 3.  But because Ms. Longmire presented documentary evidence that LANL is a federally funded research and development center; that "LANL describes itself as 'an affirmative action/equal opportunity employer, [] operated by the University of California for the U.S. [DOE];'" that "the 'Human Resources Division' of 'Los Alamos National Laboratory' extend[ed] to her an offer of employment;" and that she named LANL as her employer in her administrative ADEA complaint and asked to amend her complaint, the Court concluded that she "should be given an opportunity to amend her complaint to name and serve *a different defendant* and to supplement the complaint with facts alleged in her responsive brief tending to show that LANL was also her 'employer' as defined in the ADEA." *Id.* at 3-4, 6 (emphasis added).  The Court did not instruct Ms. Longmire to name LANL as that defendant[1].

In response to Ms. Longmire's request to amend her complaint to add LANL or another federal defendant as her employer, the Regents did not argue, as Defendants do now, through the same counsel, that LANL does not have the legal capacity to be sued or that LANL was simply an "alias" that the Regents used to do business.  *See* Doc. 308 at 9.  Instead, the Regents argued that Ms. Longmire should be estopped from denying that the Regents was her employer based on the

---

[1] Even though Ms. Longmire proceeds pro se, the Court may not act as her advocate.  See Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nor should the Court make arguments for the Defendants that they have not made.  Therefore, the Court has not conducted the considerable research necessary to determine whether the DOE or LANL may be sued under the ADEA as additional employers at federally-owned-and-funded research centers that are operated under contracts with other entities such as the Regents and LANS.

3

allegations in her complaint and in statements she made in depositions and that Ms. Longmire "has neither alleged nor offered any evidence that she was employed by the federal government, by some federal agency, or by a federally funded research and development center." *See* Doc. 288 at 5. And it had insisted that it and LANL were not "identical." *See* Doc. 301 at 4.

But before the Defendants filed their motion for reconsideration, Ms. Longmire filed an amended complaint naming LANL as a defendant. *See* Doc. 303 (filed February 7, 2009). The Defendants now request "that the Court withdraw leave to file an amended ADEA complaint and dismiss the amended ADEA complaint as having been filed without leave." Doc. 308 at 3.

The Court will not grant that request. But the Court will clarify that the February 4, 2008 Order does not hold that LANL is a separate legal entity that may be sued in its own capacity as a named defendant. Because of the confusing situation caused, in part, by the Defendants' obfuscation, the Court will grant to Ms. Longmire an additional thirty days from the filing of this order to determine who, if anyone, she should sue in LANL's stead (or how LANL should be served) and to file, if legally supportable, another amended complaint that states sufficient facts to establish a cause of action against her employer at LANL, if any, other than the Regents and LANS.

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 302) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff may file and serve an amended complaint within thirty days of the filing of this order that names another defendant and alleges facts supporting her claim that she had an "employer" in addition to the Regents and LANS, as the term "employer" is defined under the ADEA.

_____
UNITED STATES DISTRICT JUDGE